

 

May 16, 2014

<u>VIA ECF</u>

Honorable Valerie E. Caproni
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 240
New York, NY 10007

  Re: *IN RE: GOLD FIXING ANTITRUST AND COMMODITY EXCHANGE ACT LITIGATION*

Dear Judge Caproni:

  Pursuant to Your Honor's May 6 Order, the undersigned write on behalf of all intended applicants for interim class counsel in the above-referenced actions to express certain concerns and seek clarification regarding the categories of lead counsel information described by Your Honor during the May 5, 2014 hearing.

  To summarize, the categories of information raised by Your Honor include:

1. Qualifications under Federal Rule of Civil Procedure 23(g)(1)(A)(i)–(iv).

2. Description of prior experience as lead or co-lead counsel in class action litigation including:

    a. How the cases were resolved;
    b. What class members received; and
    c. Attorneys' fees awarded.

3. Summary of no more than three antitrust or other class actions in which an applicant has served as lead or co-lead counsel.

4. Whether co-applicants have previously worked together as a team.

5. Statement of all other class action cases in which an applicant's firm serves, or is applying to serve, as lead or co-lead counsel.

6. Information regarding applicants' client(s), including:

    a. Each client's financial stake and how it was calculated;

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

    b. Whether the client has served as a class representative in another class action;
    c. The applicant and client's fee arrangement;
    d. The role of institutional clients' in-house counsel, and how in-house counsel will monitor the litigation; and
    e. The relationship, if any, among a counsel's client(s), including whether any conflicts among clients are anticipated.

7. A preliminary litigation budget.

8. How each proposed leadership applicant plans to staff the litigation, including how many professionals or paraprofessionals will attend proceedings.

9. The role of each team member who would work on this case.[1]

10. A plan for the processing and storage of electronically stored information.

11. The percentage of attorneys' fees for which counsel anticipate applying if the litigation is successful.

12. A "catchall" to address any other issues that applicants believe will assist the Court in making a lead counsel determination.

*See* Tr. of May 5, 2014 Hr'g ("Tr.") at 22–25.

    Regarding items 2(b) and (c), the undersigned respectfully propose that applicants be permitted to satisfy these elements by providing the Court with the amount of each judgment and the percentage of attorneys' fees approved by the court. The assessment and apportionment of damages in antitrust and commodities class actions is often complex, making it difficult to compile data on what each class member received in every class action in which they participated. And, as the Court is aware, many class actions involve multiple counsel among whom attorneys' fees awarded by the court are allocated. Accordingly, we believe that information regarding the amount of each recovery and the percentage of approved attorneys' fees in each case will provide the Court with the most meaningful measure of the result in each case.

    With respect to the specifics of named plaintiffs, the undersigned respectfully propose that the Court permit applicants to satisfy the "financial stake" information, *see* item 6(a), with an *in camera* submission in which counsel explain their current thinking as to the nature and quantity of losses suffered by the client. Regarding items 6(c) and 11, counsel believe that such information, if required, should also be submitted *in camera* because courts typically refuse discovery of such information unless the party seeking disclosure can show that it is relevant to claims or defenses. *See, e.g., In re Morgan Stanley Mortgage Pass-Through Certificates Litig.*, 09 Civ. 2137, 2013 WL 4778157, at *1 (S.D.N.Y. Sept. 6, 2013) (noting that party seeking disclosure of fee information must make a showing that the information is relevant to its claims

---

[1] The Court did not define "team member" for purposes of the forthcoming applications. We use "team member" to include any professional or paraprofessional, presently known, for whom an applicant expects to submit time or expenses.

or defenses); *Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 09 Civ. 3701, 2013 WL 1896934, at *2 (S.D.N.Y. May 7, 2013) (denying defendants' request for documents concerning the lead plaintiffs' retention of counsel).

As to item 7, we note that courts have held that litigation budgets can reveal litigation strategy and thus are protected as attorney work product. *See, e.g.*, *Feld v. Fireman's Fund Ins. Co.*, 12 Civ. 1789, 2013 WL 6730907, at *5 (D.D.C. 2013); *Gucci Am., Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 80 (S.D.N.Y. 2010). Accordingly, and because these cases remain in their procedural infancy, we respectfully request the opportunity to provide any such information *in camera*.

With respect to item 9, counsel do not object to disclosing the identity and potential role of professionals and paraprofessionals within their respective firms. However, counsel request that with respect to any external consultants or experts, these individuals or firms only be disclosed by category (*i.e.*, economist, market analyst, etc.).

Regarding item 10, counsel do not object to providing information concerning their respective ESI capabilities. To the extent that the Court expects (or counsel wishes to provide) additional detail, we request the opportunity to do so *in camera*. To do otherwise would risk the disclosure of attorney work product, as plans regarding the treatment and organization of documents and ESI (*e.g.*, predictive coding) may be used to generate efficiencies in the litigation.

In summary, in light of the Court's recognition of the potentially privileged or otherwise protected nature of the information to be submitted (*see* Tr. at 25), the undersigned request the Court's permission to file information responsive to items 6(a), 6(c), 7, 10, and 11 *in camera*.[2]

Respectfully submitted,

| | |
|---|---|
| /s/ Daniel L. Brockett | /s/ Merrill G. Davidoff |
| Daniel L. Brockett | Merrill G. Davidoff |
| Daniel P. Cunningham | Michael C. Dell'Angelo |
| Steig D. Olson | Zachary D. Caplan |
| QUINN EMANUEL URQUHART | BERGER & MONTAGUE, P.C. |
| & SULLIVAN LLP | 1622 Locust Street |
| 51 Madison Ave., 22nd Floor | Philadelphia, PA 19103 |
| New York, NY 10010 | Telephone: (215) 875-3000 |
| Telephone: (212) 849-7000 | Fax: (215) 875-4604 |
| Fax: (212) 849-7100 | |

*Counsel for Plaintiffs Thomas Moran, Patricia Benvenuto, Thomas Galligher, Larry Dean Lewis, and Duane Lewis*

---

[2] Any *in camera* filing will be served on all Plaintiffs' counsel.

| | |
|---|---|
| /s/ *William P. Butterfield* | /s/ *Ronald J. Aranoff* |
| William P. Butterfield (*admitted pro hac vice*) | Ronald J. Aranoff |
| Michael D. Hausfeld (N.Y. Bar No. 4722963) | Stanley D. Bernstein |
| Seth R. Gassman (SG-8116) | Dana Statsky Smith |
| Timothy S. Kearns(*admitted pro hac vice*) | Michelle C. Zolnoski |
| HAUSFELD LLP | BERNSTEIN LIEBHARD LLP |
| 1700 K Street, NW; Suite 650 | 10 East 40th Street, 22nd Floor |
| Washington, D.C. 20006 | New York, NY 10016 |
| Telephone: (202) 540-7200 | Telephone: (212) 779-1414 |
| Fax: (202) 540-7201 | Fax: (212) 779-1424 |
| | |
| *Counsel for Plaintiff AIS Capital Management, L.P.* | *Counsel for Plaintiff Citra Trading Corporation* |

 /s/ *Bryan L. Clobes*
Bryan L. Clobes
*Cafferty Clobes Meriwether & Sprengel LLP*
1101 Market St., Suite 2650
Philadelphia, PA 19107
p 215.864.2800
f  215.864.2810

Anthony F. Fata
*Cafferty Clobes Meriwether & Sprengel LLP*
30 N. LaSalle, Suite 3200
Chicago, IL 60602
p 312.782.4880
f  312.782.4485

*Counsel for Plaintiff Port 22, LLC*

 /s/ *Patrick J. Coughlin*
Patrick J. Coughlin
David W. Mitchell
Brian O'Mara
ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Fax: (619) 231-7423

*Counsel for Plaintiff Alaska Electrical Pension Fund*

4

| | |
|---|---|
| /s/ *Shawn J. Rabin* | /s/ *Christopher Lovell* |
| Stephen D. Susman (SS-8591) | Christopher Lovell |
| Shawn J. Rabin (SR-6546) | Fred Isquith |
| Megan O'Hara Easley (ME-7715) | LOVELL STEWART HALEBIAN |
| SUSMAN GODFREY L.L.P. | JACOBSON LLP |
| 560 Lexington Avenue, 15th Floor | 61 Broadway, Suite 501 |
| New York, New York 10022 | New York, New York 10006 |
| Telephone:  (212) 336-8330 | Telephone:  (212) 608-1900 |
| Facsimile:  (212) 336-8340 | Facsimile:  (212) 719-4677 |

Marc M. Seltzer (*pro hac vice* application forthcoming)
Steven G. Sklaver (*pro hac vice* application forthcoming)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029
Telephone:  (310) 789-3100
Facsimile:  (310) 789-3150

*Counsel for Plaintiff Martin Fleisher*

*Counsel for Plaintiff Kevin Maher*

cc:	All Counsel of Record (via email)