USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
:
:
IN RE: GOLD FIXING ANTITRUST AND :
COMMODITIES EXCHANGE ACT :
LITIGATION.[1] :
:
:
:
:
:
:
:
:
:
:
:
:
----------------------------------------------------------- X

ORDER

14-CV-1459 (VEC), 14-CV-1634 (VEC),
14-CV-1638 (VEC), 14-CV-1642 (VEC),
14-CV-1644 (VEC), 14-CV-1701 (VEC),
14-CV-1707 (VEC), 14-CV-1964 (VEC),
14-CV-2102 (VEC), 14-CV-2108 (VEC),
14-CV-2124 (VEC), 14-CV-2134 (VEC),
14-CV-2135 (VEC), 14-CV-2213 (VEC),
14-CV-2214 (VEC), 14-CV-2310 (VEC),
14-CV-2391 (VEC), 14-CV-2550 (VEC),
14-CV-2807 (VEC), 14-CV-2851 (VEC),
14-CV-2917 (VEC), 14-CV-2948 (VEC),
14-CV-3006 (VEC), 14-CV-3111 (VEC)

VALERIE CAPRONI, United States District Judge:

WHEREAS on May 16, 2014, applicants for interim class counsel submitted a joint letter regarding the categories of information that the Court was considering requiring to be submitted in support of any applications for appointment; it is hereby ORDERED:

1. Any law firm seeking appointment as interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure shall address the following items under separate headings in its application:

   a. If the application is for a team of multiple law firms, a description of the role each law firm would play if appointed class counsel.

   b. Each of the factors listed in Rule 23(g)(1)(A). For any case identified in the application pursuant to Rule 23(g)(1)(A)(ii) that has been resolved, include the amount of judgment, the amount and percentage of attorney's fees awarded, an

---

[1] This caption is for convenience and brevity only. The above-listed cases have not been consolidated, though the Court is aware of the pending referral to the Judicial Panel on Multidistrict Litigation.

approximation of the average actual recovery for each plaintiff (e.g., $1 billion common fund divided among approximately 1,000 class members for an average actual recovery of $1 million per class member), and the percentage of the best possible recovery that the actual recovery represents. Each application shall briefly describe no more than three cases, if any, in each of the following categories:

    i. Antitrust class actions in which the applicants were appointed class counsel or co-counsel. If the applicant has been appointed class counsel or co-counsel in fewer than three antitrust class actions, the applicant may include other significant class actions for which the applicant served as class counsel or co-counsel.

    ii. If the application is for a team of multiple firms, other class actions in which those firms have previously teamed and been appointed co-counsel.

c. In addition to the cases listed in response to item 1(b), a description of all cases in each of the following categories:

    i. Any other class actions the applicants are currently litigating as appointed class counsel or co-counsel, including the status of the litigation and whether any personnel identified in response to item 1(e)(i), *infra*, is also assigned to that matter.

    ii. Any other class actions in which the applicants are currently seeking appointment as class counsel or co-counsel and whether any personnel identified in response to item 1(e)(i), *infra*, will be assigned to that matter if the applicant is successful in obtaining appointment.

    d. A description of any current client(s) represented in this litigation, including the following details to be addressed in order:

        i. The value of the client's stake in the litigation and a brief description of the method used to calculate that stake. Applicants shall submit this information under seal for *in camera* review.

        ii. A summary of any previous class actions in which the client was a named plaintiff.

        iii. A summary of the fee arrangement between the client and the law firm, including whether hourly rates will be paid on an ongoing basis, only at the conclusion of the litigation, or pursuant to a hybrid arrangement. Applicants shall submit this information under seal for *in camera* review.

        iv. If the client is an institutional entity, a description of its in-house legal department and that department's role in supervising this litigation.

        v. If the law firm represents multiple clients in this litigation, the relationship among the clients, including whether any conflicts among clients exist or are anticipated.

    e. Pursuant to Rule 23(g)(1)(C), a preliminary litigation budget, submitted under seal for *in camera* review and including the following:

        i. Proposed staffing of attorneys and support staff, including a summary of proposed hourly rates and details regarding the number of attorneys whose time for attending any proceedings will be billed.

        ii. The number of years that the proposed hourly rates described above will remain constant and any expected increases in proposed hourly rates over the course of this litigation.

      iii. Any proposals regarding the limitation of billable expenses, including limits related to billing for travel time, travel class, accommodations, meal reimbursements, and computer-assisted legal research.

      iv. Anticipated expenses related to the collection and analysis of electronically-stored information, the retention of any outside discovery vendors, and any available internal resources that may be applied to electronic discovery.

      v. Anticipated expenses related to any other outside consultants, experts, or vendors that the applicant expects to retain. Applicants are not required to identify specific individuals or firms in this category, but must provide sufficient information so that the Court may understand what role they would perform in this litigation.

      vi. Percentages that applicants expect to seek if the litigation succeeds in creating a common fund.

   f. Any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class pursuant to Rule 23(g)(1)(B). This section shall not exceed three pages.

2. Complete applications for appointment as interim class counsel, including those portions that the Court has directed to be filed under seal for *in camera* review, shall be served on all Plaintiffs' counsel.

4

3. Applications in support of appointment as interim class counsel shall be filed by July 3, 2014. Responses shall be filed by July 11, 2014.

**SO ORDERED.**

Date: **May 28, 2014**
      **New York, New York**

                                              _____
                                              **VALERIE CAPRONI**
                                              **United States District Judge**