**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: GOLD FIXING ANTITRUST AND COMMODITY EXCHANGE ACT LITIGATION. | 14-CV-1459 (VEC), 14-CV-1634 (VEC), 14-CV-1638 (VEC), 14-CV-1642 (VEC), 14-CV-1644 (VEC), 14-CV-1701 (VEC), 14-CV-1707 (VEC), 14-CV-1964 (VEC), 14-CV-2102 (VEC), 14-CV-2108 (VEC), 14-CV-2124 (VEC), 14-CV-2134 (VEC), 14-CV-2135 (VEC), 14-CV-2213 (VEC), 14-CV-2214 (VEC), 14-CV-2310 (VEC), 14-CV-2391 (VEC), 14-CV-2550 (VEC), 14-CV-2807 (VEC), 14-CV-2851 (VEC), 14-CV-2917 (VEC), 14-CV-2948 (VEC), 14-CV-3006 (VEC), 14-CV-3111 (VEC) |

**APPLICATION TO APPOINT QUINN EMANUEL URQUHART & SULLIVAN, LLP AND BERGER & MONTAGUE, P.C. INTERIM LEAD CLASS COUNSEL**

**REDACTED VERSION**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

    A.     Description of the Role of Each Law Firm ......................................................3

    B.     Rule 23(g)(1)(A) Factors ................................................................................4

          1.     Work in Identifying or Investigating Claims ....................................4

          2.     Experience and Knowledge of the Applicable Law ..........................5

                    (i)     Significant Class Actions for Which Proposed Lead Counsel Have Served as Class Counsel or Co-Counsel ...............................................................................10

                    (ii)    Other Class Actions in Which Proposed Lead Counsel Have Previously Been Appointed Co-Counsel ...............................................................................13

          3.     Resources ........................................................................................13

    C.     Additional Ongoing Cases ............................................................................15

                    (i)     Other Class Actions Currently Litigating ..........................15

                    (ii)    Other Class Actions in Which Proposed Lead Counsel are Seeking Appointment as Class Counsel or Co-Counsel ..................................................................15

    D.     Description of Current Clients ......................................................................16

                    (i)     Value of Clients' Stake in the Litigation ...........................16

                    (ii)    Previous Class Actions in Which Any Client Was a Named Plaintiff ....................................................................16

                    (iii)   Summary of Fee Arrangement ...........................................17

                    (iv)   In-House Legal Department and its Role ............................17

                    (v)     Relationship Among Clients and Possible Conflicts .........17

    E.     Preliminary Litigation Budget ......................................................................17

                    (i)     Proposed Staffing ..............................................................18

       (ii)     Time and Amount of Expected Rate Increases..................19

       (iii)    Proposals to Limit Billable Expenses ................................19

       (iv)   Anticipated Electronic Information Expenses ..................19

       (v)     Anticipated Expenses for Consultants and Experts ..........20

       (vi)   Anticipated Percentages Sought .......................................21

CONCLUSION....................................................................................................22

APPENDIX A (ILLUSTRATIVE RESOLVED CLASS ACTIONS) .........................................23

APPENDIX B (ALL ONGOING CLASS ACTIONS IN WHICH QUINN EMANUEL
      OR BERGER & MONTAGUE ARE INVOLVED) ..........................................................24

APPENDIX C (CLIENTS' FINANCIAL STAKE) ....................................................................26

APPENDIX D (DETAILED PROPOSED LITIGATION BUDGET)........................................26

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Fiserv, Inc.*,
  Nos. 09 Civ. 5400, 09 Civ. 8397 (BSJ), 2010 WL 571812 (S.D.N.Y. Jan. 29, 2010) .............. 6

*Four In One Co., Inc. v. SK Foods, L.P.*,
  08 Civ. 3017 (MCE), 2009 WL 747160 (E.D. Cal. Mar. 20, 2009)........................................... 3

*In re Commodity Exch., Inc. Silver Futures & Options Trading Litig.*,
  13-1416-cv, 2014 WL 1243851 (2d Cir. Mar. 27, 2014) ....................................................... 18

*In re Currency Conversion Fee Antitrust Litig.*,
  263 F.R.D. 110 (S.D.N.Y. 2009) ............................................................................................ 2

*In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*,
  13 MD 2451 (ADS) 2013 WL 3816597 (E.D.N.Y. July 22, 2013)........................................... 4

*In re LIBOR Antitrust Litig.*,
  935 F. Supp. 2d 666 ............................................................................................................. 18

*In re LIBOR-Antitrust Litig.*,
  11 MD 2262 (NRB), 2014 WL 2815645 (S.D.N.Y. June 23, 2014) ....................................... 18

*In re MF Global Holding Ltd. Inv. Litig.*,
  12 MD 2338 (S.D.N.Y.) ......................................................................................................... 9

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,
  05 MD 1720, 2014 WL 92465 (E.D.N.Y. Jan. 10, 2014)................................................ 11, 21

*In re Peregrine Fin. Grp. Customer Litig.*,
  12 Civ. 5546 (N.D. Ill).................................................................................................... 9, 16

*Janbay v. Canadian Solar, Inc.*,
  272 F.R.D. 112 (S.D.N.Y. 2010) ........................................................................................... 4

*Michelle v. Artic Zero, Inc.*,
  12 Civ. 2063 (GPC), 2013 WL 791145 (S.D. Cal. Mar. 1, 2013)........................................... 4

## PRELIMINARY STATEMENT

Pursuant to the Court's May 28, 2014, Order, the undersigned respectfully submit this application for appointment of Quinn Emanuel Urquhart & Sullivan, LLP and Berger & Montague, P.C. (together, "Proposed Lead Counsel") as interim lead class counsel.[1]

These class actions allege that five of the world's largest financial institutions conspired to manipulate the London Gold Market Fixing (the "London Gold Fixing").  The proposed Class deserves the best available representation to give it the greatest possible chance of prevailing and maximizing its recovery.  Success is by no means guaranteed.  This is not a case, for example, that was spawned by government indictments.  It must be assumed that the Defendants, represented by some of the nation's leading law firms, will raise sophisticated defenses and fight tooth-and-nail every step of the way.

Quinn Emanuel and Berger & Montague offer distinct strengths and unique resources that will best serve the Class's interests in this case.  In particular:

- ***Resources devoted to investigating this case***:  Quinn Emanuel and Berger & Montague have spent hundreds of thousands of dollars developing this case in conjunction with two of the leading experts on gold manipulation.  Our firms have commissioned a study[2] and other proprietary research into the manipulation of the London Gold Fixing.  Without question, our Complaint is far more detailed and developed than any other filed in these cases, reflecting the substantial due diligence we carried out before commencing suit.  Indeed, ***every single complaint*** that has been filed by other firms has relied on the work of the two experts retained by Quinn Emanuel and Berger & Montague.

- ***Relevant experience***:  It is widely known that Quinn Emanuel has the premier bank litigation practice in the world.  Quinn Emanuel has built its reputation largely on its unmatched ability to win hard-fought cases involving complex financial instruments against the world's largest banks – especially in this Court.  Berger & Montague (and,

---

[1]   Consistent with the Court's June 16 Memorandum Order, Proposed Lead Counsel submit this application to represent all plaintiffs, including COMEX traders, physical gold investors, and others (such as investors in exchange-traded gold funds).

[2]   Rosa M. Abrantes-Metz and Albert D. Metz, *Are Gold Prices Being Fixed?* (Feb. 2014) (unpublished draft on file with Quinn Emanuel and Berger & Montague).

in particular, the team on this case) stands out from its peers in the plaintiffs' bar for its proven ability to achieve success in antitrust banking litigation. As detailed below, both Quinn Emanuel and Berger & Montague also have specialized expertise not only in financial and banking litigation, but in litigation under the Commodity Exchange Act and cases involving the gold industry.

- ***Resources in Europe and especially London***: As co-lead counsel to the Class, Quinn Emanuel will draw upon its London office that was recently named the "**US Law Firm of the Year**." This is the second time that Quinn Emanuel's London office has won this award, which recognizes the U.S. firm in the U.K. that has, among other things, *won the most cases*. Quinn Emanuel's London Office has 27 barristers and solicitors, several of whom practice EU competition law and have specific expertise concerning financial regulation. The co-head of that office, Sue Prevezer, an accomplished barrister and practitioner in competition matters, will be personally involved in this case. Quinn Emanuel's numerous other European offices – including those in Germany and France – are also staffed with leading EU antitrust practitioners and will be invaluable in prosecuting a case against the foreign bank defendants.

- ***Credibility with adversaries***: Quinn Emanuel and Berger & Montague present unique litigation threats to the Defendants – bringing the type of credibility that leads to better settlements and bigger verdicts. Quinn Emanuel was recently named one of just ***four*** U.S. firms that in-house counsel fear the most, based on hundreds of interviews with general counsel. Similarly, Berger & Montague has repeatedly been named a "**Top Tier Firm**" for representing plaintiffs in antitrust class actions "[s]tanding out by virtue of its first-class trial skills."

- ***Focus and commitment***: The hand-picked teams here were chosen especially for what they can bring to this case. Quinn Emanuel is not a traditional plaintiffs' firm and does not do these types of cases on a high-volume basis. The firm carefully selects the cases where we think our litigators add unique value.

- ***Appellate resources***: Winning this case may well require winning multiple appeals, and only Quinn Emanuel offers the Class a blue ribbon appellate department. Led by Kathleen Sullivan, former Dean of Stanford Law School and noted Supreme Court advocate, Quinn Emanuel has one of the leading appellate practices in the Second Circuit and the nation. Berger & Montague also has a proven track record of successful appeals, including in the Second Circuit.

- ***Litigation support resources***: We will provide the Class with the in-house services of Quinn Emanuel's Litigation Support Group, which offers attractive terms, direct attention, and services that outside vendors simply cannot provide.[3]

---

[3]   Courts in this District have recognized the unique strengths of Quinn Emanuel and Berger & Montague in separate cases involving antitrust banking litigation. *See In re Credit Default Swaps Antitrust Litig.*, 13 MD 2476 (DLC) (Dkt. No. 244) (Tr. of Dec. 5, 2013 Hr'g 37:9–38:12) (noting, in deciding to appoint Quinn Emanuel lead counsel, the firm's record of success, resources, and intimate familiarity with the Southern District of New York); *In re Currency Conversion Fee Antitrust Litig.*, 263 F.R.D. 110, 129 (S.D.N.Y. 2009) ("Class Counsel did their work on their own with enormous attention to detail and unflagging devotion to the cause. . . .

## A.      Description of the Role of Each Law Firm

Quinn Emanuel and Berger & Montague will work collaboratively on all aspects of this litigation, including strategic decisions, motion practice, discovery, settlement discussions, and trial.  Our firms have a proven track record of working together on major antitrust class actions, demonstrating our ability to cooperate efficiently and effectively to achieve excellent results.[4]

Our plan is to divide primary responsibility for the Defendants among the two firms, so that each firm can focus on mastering the players and issues particular to its assigned banks.  For example, Quinn Emanuel will be responsible for carrying out all discovery related to Barclays, Deutsche Bank and London Gold Market Fixing Ltd., while Berger & Montague will be responsible for The Bank of Nova Scotia, HSBC, and Société Générale.

Each firm will be responsible for taking the lead on all discovery pertaining to its assigned banks, including document discovery, written interrogatories, depositions, and motion practice.  We expect both firms to contribute to the Consolidated Amended Complaint, while Quinn Emanuel will be responsible for preparing the first draft of opposition papers to the expected motion to dismiss.  We will further divide tasks between the firms as they arise in the

---

Class Counsel provided extraordinarily high-quality representation.  This case raised a number of unique and complex legal issues. . . .  The law firms of Berger & Montague and [their co-counsel] were indefatigable.  They represented the Class with a high degree of professionalism, and vigorously litigated every issue against some of the ablest lawyers in the antitrust defense bar."); *Four In One Co., Inc. v. SK Foods, L.P.*, 08 Civ. 3017 (MCE), 2009 WL 747160, at*3 (E.D. Cal. Mar. 20, 2009) (appointing Quinn Emanuel co-lead in consolidated antitrust actions and noting that it "has both far-reaching experience and expertise, as well as the trial experience necessary to litigate a case of this potential magnitude").

[4]   This case will be a high priority for both firms.  Mr. Brockett serves as lead counsel in just one other antitrust class action at this time – *In re Credit Default Swaps Antitrust Litigation* pending before Judge Cote.  A *Chambers*-rated lawyer, Mr. Brockett is an expert in, among other things, litigation against banks, having represented numerous institutional investors such as Prudential, Allstate, and Susquehanna in major litigation against many of the Defendants in this case.  Mr. Davidoff is co-chair of Berger & Montague's antitrust department and in that capacity has a supervisory role in several antitrust class actions.  Two antitrust class actions in which Mr. Davidoff has been involved – *Currency Conversion Fee* and *Payment Card* – are nearing completion and Mr. Davidoff will be able to devote substantial time to this case if chosen as interim co-lead counsel.

course of the litigation.

We also plan to use Quinn Emanuel's in-house Litigation Technology Advisory Services Group ("Lit Support Group") to host the voluminous document production in this case.  There will be no inefficiencies as Berger & Montague attorneys will be provided web-based access to the system, as if they were working at Quinn Emanuel themselves.

**B.       Rule 23(g)(1)(A) Factors**

**1.       Work in Identifying or Investigating Claims**

The first mandatory factor is particularly significant in this case, as counsel will be largely responsible for developing the case themselves using economic data and circumstantial evidence.[5]  This factor strongly favors appointment of Quinn Emanuel and Berger & Montague. Our Complaint reflects the significant amount of work we have done to develop claims for the benefit of the Class.[6]  Our investigation went far "beyond the public record."  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 121 (S.D.N.Y. 2010) (selecting class counsel who had conducted significant investigation beyond public record).  It cannot be denied that our Complaint reflects the most sophisticated economic analysis of the Class's claims and the theories of the case that will maximize the Class's prospects for success.

This work was done in conjunction with two of the leading experts on the world gold markets, Professor Rosa Abrantes-Metz of the New York University Stern School of Business, who is perhaps the most prominent academic in the world on benchmark manipulation,[7] and

---

[5]   *See In re HSBC Bank USA, N.A. Debit Card Overdraft Fee Litig.*, 13 MD 2451 (ADS) 2013 WL 3816597, at *10-11 (E.D.N.Y. July 22, 2013) (time and resources spent investigating complaint is a substantial factor in appointing interim class counsel); *Michelle v. Artic Zero, Inc.*, 12 Civ. 2063 (GPC), 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting counsel who "demonstrated they have conducted more research and investigation in developing the case").

[6]   *See Moran v. Bank of Nova Scotia*, 14 Civ. 2213 (S.D.N.Y.), compl. ¶¶92-110, 133.

[7]   Professor Abrantes-Metz's work, for example, is largely credited with uncovering the manipulation of LIBOR that led to worldwide investigations and huge fines. *See, e.g.*, Gregory

Andrew Caminschi, a gold market researcher at the University of Western Australia, who was the first academic to publish on manipulation around the London Gold Fixing.[8]  Since Quinn Emanuel retained these experts in late 2013 and early 2014 (respectively), Proposed Lead Counsel have worked closely with them to develop this case for the Class's benefit, at significant financial expense.

This work (and still other proprietary work in progress) will be indispensable for the success of the Class's claims.  Indeed, it is noteworthy that *every single complaint* filed by other counsel in these cases has relied on *the work of the two experts retained and paid for by Quinn Emanuel and Berger & Montague*.  These complaints, however, rely only on the published work by these two experts, and not on the further analyses by Professor Abrantes-Metz or Mr. Caminschi conducted specifically for Proposed Lead Counsel.[9]

### 2.    Experience and Knowledge of the Applicable Law

Quinn Emanuel and Berger & Montague present a particularly valuable collaboration for the Class.  This case falls squarely within the core strengths of the two firms – one is a leader among traditional plaintiffs' firms in antitrust banking class action litigation (Berger & Montague), the other is recognized as *the* premier firm in complex banking litigation (Quinn Emanuel), and both are well-versed in gold-related litigation.

---

J. Millman, *Q&A: Rosa Abrantes-Metz, Principal, Global Economics Group*, THE WALL STREET JOURNAL, May 28, 2013 ("Among [Professor Abrantes-Metz's] most noted successes was a 2008 analysis in which she and co-authors presented evidence that banks had been engaging in a conspiracy to manipulate the London Interbank Offered Rate since well before the financial crisis came to a head."), *available at* http://blogs.wsj.com/riskandcompliance/2013/05/28/qa-rosa-abrantes-metz-principal-global-economics-group.

[8]   *See* Andrew Caminschi & Richard Heaney, *Fixing a Leaky Fixing: Short-Term Market Reactions to the London PM Gold Price Fixing*, JOURNAL OF FUTURES MARKETS (Sept. 2013).

[9]   In addition to this expert work, Quinn Emanuel and Berger & Montague spent months investigating and researching this case.  *See* Declaration of Daniel L. Brockett in Supp. of Application to Appoint Quinn Emanuel Urquhart & Sullivan, LLP and Berger & Montague, P.C. Interim Lead Class Counsel ("Brockett Decl."), ¶¶ 2–9.

*Quinn Emanuel*:  With over 650 lawyers, Quinn Emanuel is the largest firm in the world devoted solely to business litigation and arbitration.  *See* Brockett Decl., Ex. A.  The firm has been called a "litigation powerhouse" by *The American Lawyer* and "a global force in business litigation" by *The Wall Street Journal*.  *Id.*  In its 2015 rankings, *Vault Law 100* ranked Quinn Emanuel the #1 law firm in General Commercial Litigation.  *Id.*, Ex. B.  This case will draw on the firm's antitrust, class action, and finance practices, all widely recognized as among the nation's best – not just among plaintiff's firms, but among *all* law firms.

Quinn Emanuel has built its reputation on its ability to win high-stakes cases against the most formidable adversaries, including some of the very financial institutions the Class faces here.  The firm has litigated against numerous of the Defendant banks, having represented the Federal Housing Finance Agency ("FHFA"), Prudential, Allstate, Mass Mutual, AIG, and a number of other large investment firms in litigation relating to financial misconduct, including cases arising from residential mortgage-backed securities, collateralized debt obligations, interest rate swaps, credit default swaps, and other structured financial products and derivatives.  *See Anderson v. Fiserv, Inc.*, 09 Civ. 5400, 09 Civ. 8397 (BSJ), 2010 WL 571812, at *2 (S.D.N.Y. Jan. 29, 2010) (where all firms had experience handling complex litigation and class actions, the court looked for counsel that "specialize[d] in financial and class action litigation").

Based in part on this work, Quinn Emanuel was recently recognized as one of just **four** U.S. firms that in-house counsel fear the most.  Brockett Decl., Ex. C.  This recognition was based on approximately 300 interviews by The BTI Consulting Group with general counsel and other legal department heads, with companies representing over $14 billion in revenue.  *Id.*  The other three firms so recognized were prominent corporate defense firms.  *Id.*[10]

---

[10]   When representing plaintiffs, Quinn Emanuel's trial success rate is 86.5% and its lawyers

Quinn Emanuel's antitrust practice has been recognized as one of the top in the nation. *See id.*, Ex. D.  Quinn Emanuel is unique in its representation of blue chip companies in antitrust actions as both plaintiffs and defendants, in class and non-class actions, on both sides of the "v." This diverse practice gives the firm credibility with the plaintiffs' and defense bar, as well as insights into how the other side works – insights that will benefit the proposed class here.  In 2011, Quinn Emanuel's antitrust practice was recognized by *Law360* as **one of the top five competition law practices in the country**.  *See id.*, Ex. E.[11]

Quinn Emanuel's class action practice is also recognized as one of the nation's leading practices for its work both for plaintiffs and defendants.  *See id.*, Ex. G.  The firm was named the 2013 "**Class Action Practice Group of the Year**" by *Law360* for its work for plaintiffs and defendants in class action litigation.  *See id.*, Ex. H.  The team that Quinn Emanuel has chosen for this case has extensive knowledge of the procedural and litigation dynamics unique to class actions as well as expertise in the underlying substantive areas of law.[12]

*Berger & Montague*:  Berger & Montague is especially well-situated to partner with Quinn Emanuel in light of its status as a leader of the plaintiffs' antitrust class action bar.

---

have won over $39 billion in judgments and settlements – a figure that grows by the month, in no small part due to cases against banks in this Court.  *Id.*, Ex. A.

[11]   Quinn Emanuel has won – at and before trial – high-stakes cases brought under Sections 1 and 2 of the Sherman Act.  In a recent Section 2 case, a Special Master recommended that the firm be awarded 100% of requested attorneys' fees, stating that "Quinn Emanuel is one of the top litigation firms in the country," including in the antitrust field.  *See TransWeb, LLC v. 3M*, 10 Civ. 4413 (FSH), Dkt. No. 567, at *36 (D.N.J. Sept. 24, 2013).  In recognition of such work, Quinn Emanuel was named to the *National Law Journal's* "Plaintiffs' Hot List" again for 2013. *See* Brockett Decl., Ex. F.

[12]   Quinn Emanuel also has substantial experience relating to the gold industry.  The firm currently represents Barrick Gold Corporation (the largest gold mining company in the world), and has represented other international gold producers and related parties in litigation and arbitration involving issues such as the valuation of gold assets, disputes over gold mining and production, and gold investments.  Quinn Emanuel also has significant experience in commodity manipulation claims, including cases involving alleged manipulation of natural gas prices, oil prices, and trader-based misconduct.  The firm has also represented targets of DOJ investigations and CFTC enforcement actions.

Described by *Chambers* as a "[b]outique firm with deep expertise in complex antitrust litigation," Berger & Montague pioneered the antitrust class action and has been engaged in the practice of complex and class action litigation for 44 years.[13]  The firm was founded by the late David Berger, who pioneered class actions, the late Herbert Newberg author of the seminal "NEWBERG ON CLASS ACTIONS," and H. Laddie Montague, Jr., considered a dean of the plaintiffs' class action bar.  Courts across the country have appointed Berger & Montague as lead or co-lead class counsel in hundreds of class actions, and have recognized both the qualifications of Berger & Montague in appointing the firm as lead counsel and the quality of the work performed by the firm in that capacity.  *See* Davidoff Decl., Ex. B.  Berger & Montague has obtained verdicts and settlements recovering over $22 billion for class members.  *See id.*, Ex. A.

The U.S. edition of *The Legal 500*, an international legal referral guide, has recommended Berger & Montague as a "**Top Tier Firm**" for representing plaintiffs in antitrust class action litigation.  *See id.*, Ex. A.  Berger & Montague has also appeared on *The National Law Journal's* "Hot List" of the Top Plaintiffs' Law Firms in the United States in ten of the last twelve years.  *See id.*, Ex. D.  Chambers USA's *America's Leading Lawyers for Business* has similarly recognized Berger & Montague as a Leading Antitrust Law Firm for eight consecutive years.  *See id.*, Ex. C.  Berger & Montague, led by Mr. Davidoff, has unrivaled experience and expertise as lead counsel in antitrust class action litigation including *In re Currency Conversion Fee Antitrust Litigation*, in which Judge Pauley of this Court granted final approval to $386 million in settlements and praised Berger & Montague's work, and *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, which achieved a $7.25 *billion*

---

[13]   *See* Declaration of Merrill G. Davidoff in Supp. of Application to Appoint Quinn Emanuel Urquhart & Sullivan, LLP and Berger & Montague, P.C. Interim Lead Class Counsel ("Davidoff Decl."), Ex. A.

settlement (the largest antitrust settlement in history).

The lead attorneys who will be responsible for the day to day work in this case – Messrs. Davidoff and Dell'Angelo – have considerable expertise in the relevant law having served as lead counsel in numerous antitrust class actions.  For many years Mr. Davidoff has been described as a "giant in the field" of antitrust law and "very experienced, skilled, and absolutely fearless" by *Chambers*.  *See id.*, Ex. C.  Messrs. Davidoff and Dell'Angelo have also served as lead counsel in a number of prominent CEA and gold industry related cases.[14]  Mr. Davidoff utilizes his experience as a former options trader and former owner of a currency options trading firm on the Philadelphia Stock Exchange to benefit clients in complex class actions involving derivatives and derivatives exchanges.  Berger & Montague has achieved highly favorable outcomes for the classes in each of these litigations (notably, in two cases, close to or in excess of a 100% recovery).  Recently, Mr. Davidoff was acknowledged as a "legal lion" for his work as co-lead counsel in a class action seeking to recover customer funds from the now defunct global commodities brokerage MF Global.  *See id.*, Ex. E.

*Trial Experience*:  Proposed Lead Counsel's ability to try cases is well-known, and the lawyers proposed to lead this case have notable jury and other trial and courtroom experience.[15]  If this case goes to trial, Proposed Lead Counsel will be prepared to try it.  Quinn Emanuel lawyers have tried over 2,200 cases and won over 88%; indeed, Quinn Emanuel attorneys typically try 20 or more cases per year.  *See* Brockett Decl., Ex. A.

Berger & Montague has also successfully tried numerous complex, high-stakes class and individual actions, including some of the largest and most notable class actions of the last four

---

[14]   *See, e.g.*, *In re MF Global Holding Ltd. Inv. Litig.*, 12 MD 2338 (S.D.N.Y.); *In re Peregrine Fin. Grp. Customer Litig.*, 12 Civ. 5546 (N.D. Ill); *Brown v. Kinross Gold U.S.A., Inc.*, 02 Civ. 605 (D. Nev.); *In re DRD Gold Sec. Litig.*, 05 Civ. 5542 (S.D.N.Y.) (lead defense counsel).

[15]   Mr. Brockett has served as lead counsel in numerous bench and jury trials and arbitrations.

decades.[16]  Berger & Montague has twice received the "**Trial Lawyer of the Year**" award from

the Public Justice Foundation for Berger & Montague's impressive trial victories.  *See* Davidoff

Decl., Ex. F.  The core team will also be able to draw upon other partners at each firm, more than

20 of whom are former Assistant United States Attorneys, and others who are among the most

highly respected trial lawyers in the country.  *See* Brockett Decl., Ex. A.

　　　　In their roles as class or co-class counsel, Proposed Lead Counsel have successfully

resolved numerous class actions.  The information requested by the Court regarding the terms of

the resolutions is reflected in Appendix A.

(i)　　**Significant Class Actions for Which Proposed Lead
　　　　Counsel Have Served as Class Counsel or Co-Counsel**

　　　　The expertise outlined above derives in part from litigating numerous complex class

actions, including in the areas of antitrust, commodities, and other financial instruments.

Commensurate with its reputation, Berger & Montague has successfully litigated numerous high-

profile, complex class actions as class or co-class counsel.  Three examples are:

　　　　(1)　　*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*,

05 MD 5075 (E.D.N.Y.):  Berger & Montague (led by Messrs. Davidoff and Montague) is one of

three co-lead counsel in this action brought on behalf of all merchants who accepted Visa and/or

MasterCard credit or signature debit cards since January 2004 alleging that Visa, MasterCard and

several large banks illegally fixed the interchange fee.  In December 2013, the Court granted

---

[16]　For example, Mr. Davidoff led a team in *Cook v. Rockwell International Corp.* in the District
of Colorado that obtained a $554 million jury verdict and $926 million judgment (later vacated
and still in litigation).  Recognizing this tremendous achievement, the Public Justice Foundation
bestowed its prestigious Trial Lawyer of the Year Award for 2009 on him.  Berger & Montague
was also widely recognized for its role (which also garnered the "Trial Lawyer of the Year"
award) in obtaining a $5 billion award (subsequently reduced to $507.5 million by the U.S.
Supreme Court) in the *In re Exxon Valdez Oil Spill Litigation* in the District of Alaska.  And in
*In re Melridge Securities Litigation* in the District of Oregon, Mr. Davidoff recovered nearly one
hundred cents on the dollar for class members after a trial, verdict, and judgment.

final approval to an approximately $7.25 billion cash settlement (approximately $5.7 billion after reduction for opt outs), and injunctive relief in the form of significant changes to the networks' rules.[17]  This is the largest ever monetary settlement of a private antitrust class action.

(2)     *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409 (S.D.N.Y.) and *Ross v. American Express Co.*, 04 Civ. 5723 (S.D.N.Y.):  Berger & Montague (led by Mr. Davidoff), as one of two co-lead counsel, spearheaded a class action lawsuit alleging that major Visa and MasterCard credit card issuing banks had conspired to fix prices for foreign currency conversion fees imposed on credit card transactions.  After eight years of litigation, a settlement of $336 million was approved and final judgment entered in November 2009.  A settlement of $49.5 million was also later reached with American Express.

(3)     *In re High Fructose Corn Syrup Antitrust Litig.*, MDL No. 1087 (C.D. Ill.):  Berger & Montague was one of three co-lead counsel in this nationwide class action alleging a conspiracy to allocate volumes and customers and to price-fix among five producers of high fructose corn syrup.  After nine years of litigation, including four appeals, the case was settled on the eve of trial for $531 million.

Three examples where Quinn Emanuel has served as class counsel are:

(1)     *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 07 MD 489 (D.D.C.):  Quinn Emanuel is co-lead counsel for direct purchasers suing railroads for conspiring to fix shipping rates through a system of fuel surcharges.  In June 2012, the trial Court certified a nationwide class of rail freight shippers that between 2003 and 2008 paid defendants' fuel surcharges on

---

[17]  Recognizing the substantial value of the settlement and co-lead counsel's outstanding work in the case, Judge Gleeson stated:  "When the rules changes are combined with the massive damages fund, the settlement must be labeled a significant success.  That assessment reinforces my judgment that plaintiffs' counsel litigated the case with skill and tenacity, as would be expected to achieve such a result."  *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 05 MD 1720, 2014 WL 92465, at *3 (E.D.N.Y. Jan. 10, 2014).

rate-unregulated freight shipments.  In August 2013, the D.C. Circuit remanded the trial Court's

class certification order on narrow grounds to allow consideration of a narrow issue in light of

the Supreme Court's decision in *Comcast Corp. v. Behrend*.  Plaintiffs' renewed motion for class

certification is pending.  Berger & Montague is assisting Quinn Emanuel in this litigation.

(2)     *In re Credit Default Swaps Antitrust Litig.*, 13 MD 2476 (S.D.N.Y.):  In

December 2013 the Honorable Denise L. Cote of this Court appointed Quinn Emanuel co-lead

counsel in multi-district litigation against, *inter alia*, twelve international banks (Bank of

America, Barclays, BNP, Citi, Credit Suisse, Deutsche Bank, Goldman Sachs, HSBC, JP

Morgan, Morgan Stanley, RBS, and UBS) for allegedly violating federal antitrust laws in

connection with a conspiracy to block the emergence of exchange trading venues for credit

default swaps.  Mr. Brocket is the lead attorney for the class in this case.  Judge Cote selected

Quinn Emanuel as lead counsel and then permitted the firm to propose a co-lead from among the

many other applicants.  In choosing Quinn Emanuel over many of the same firms vying for lead

counsel here, Judge Cote stated:

> [Quinn Emanuel] has a track record, a knowledge of the CDS market and antitrust
> litigation.  It's well equipped with trial lawyers who can actually go into court and
> try a case.  It has run massive discovery cases by itself essentially.  And it has
> extraordinary strengths with respect to appellate litigation. . . .  It has European
> offices.  It has a substantial New York presence.  It's familiar with litigating
> against these very banks.  It's familiar with litigating in this courthouse.

*See* 13 MD 2476 (Dkt. No. 244) (Tr. of Dec. 5, 2013 Hr'g 37:9–38:12).

(3)     *Marchbanks Truck Service v. Comdata Network*, 07 Civ. 1078 (E.D. Pa.):  Quinn

Emanuel was appointed co-lead plaintiffs' counsel with Berger & Montague and one other firm

in this class action concerning monopolization of the market for truck fleet credit cards used at

truck stops.  In March 2014, the parties settled shortly before the Court's scheduled hearing on

Plaintiffs' class certification motion.  Throughout the case, Quinn Emanuel attorneys were

actively involved in all efforts by co-lead counsel to develop case strategy, and administer the case (including budgets, staffing, case assignments, and other matters).

>        (ii)    **Other Class Actions in Which Proposed Lead Counsel Have Previously Been Appointed Co-Counsel**

Proposed Lead Counsel have demonstrated that they can work together closely and efficiently.  Our firms have previously partnered in the *Rail Freight* and *Comdata* matters.  In particular, during the course of the seven year *Comdata* litigation, Proposed Lead Counsel collaborated on all aspects of case strategy and management.  Proposed Lead Counsel also utilized the same division of labor they propose in this case wherein particular attorneys are assigned to specific discovery and areas of expertise, so as to maximize the benefit to the Class.

>    3.    **Resources**

The breadth and depth of resources that Quinn Emanuel and Berger & Montague can offer the Class are unmatched and will be particularly valuable given that the Class here will be going up against some of the largest, well-funded entities in the world, represented by law firms that offer top-flight services across the litigation spectrum.

*Financial resources*:  The resources of Quinn Emanuel and Berger & Montague are second to none; both firms are ready, willing, and able to commit the resources necessary to litigate this case vigorously to its conclusion.  Together, Proposed Lead Counsel have more than 700 attorneys worldwide, including over 225 lawyers in New York and 27 lawyers in London.  No other applicant (or even team of applicants) has similar resources.  *See* Brockett Decl., Exs. A, I; Davidoff Decl., Ex. A.  Our firms also maintain a large staff of paralegals, discovery experts, and other litigation support personnel.

*Geographic resources*:  This case involves, in part, foreign banks and events that took place in London.  Of all firms seeking lead counsel, only Quinn Emanuel has a London office of

significant size.[18]  In recognition of the strengths of that office, *Legal Business*, a prominent

British publication, recently named Quinn Emanuel's London office "**US Law Firm of the**

**Year**" for the second time.  *See* Brockett Decl., Ex. J.  Quinn Emanuel is the only firm with a

truly global presence.  The firm has offices in, among other locations, France and Germany,

which will be an asset in this case given that a number of defendants have headquarters in these

countries.  In recognition of Quinn Emanuel's worldwide strength, *The Lawyer*, another

prominent British legal publication, named Quinn Emanuel the 2011 "**International Law Firm**

**of the Year**."  *Id.*, Ex. K.  The presence of substantial international capabilities is an important

factor in selecting lead counsel in class actions that may require discovery of foreign-based

individuals and entities.

    *Appellate resources*:  A successful outcome in this case may require winning multiple

appeals, whether at the class certification stage, post-trial, or on an interlocutory basis.  Indeed,

even defending a settlement may require winning an appeal against any objectors seeking to

derail it.  This is another area where Quinn Emanuel and Berger & Montague can offer the Class

invaluable resources that are truly distinct.  Quinn Emanuel will offer the Class the nation's

leading Second Circuit appellate practice headed by named partner Kathleen Sullivan.  *See id.*,

Ex. L.  Recognized as one of the nation's preeminent appellate advocates, Ms. Sullivan was

again named one of The 100 Most Influential Lawyers in America by *The National Law Journal*

in 2013.  *Id.*, Ex. M.  Quinn Emanuel's appellate practice group[19] was included on *The National*

---

[18]   The Quinn Emanuel office has 27 barristers and solicitors with significant advocacy
experience who have won accolades from *Chambers UK*, *Legal Business*, *Global Arbitration
Review*, *Legal 500*, and *Who's Who Legal*.  *See* Brockett Decl., Ex. I.  Of competing firms, we
understand that Hausfeld LLP is associated with a London office of approximately five lawyers.

[19]   Quinn Emanuel's team of seasoned appellate advocates includes, among others, the first
female President of the Harvard Law Review, several former law clerks for U.S. Supreme Court
Justices, and numerous former law clerks on the U.S. Courts of Appeals.

*Law Journal*'s prestigious "Appellate Hot List" for 2013, having also been named to that list in prior years.  *See id.*, Ex. N.  Mr. Davidoff has argued more than ten appeals in this Circuit, winning most.

*Litigation support resources*:  Quinn Emanuel's Lit Support Group will streamline and minimize the cost of sprawling electronic discovery by avoiding the need to engage a third-party vendor.  We will thus be able to offer the Class terms, direct focus, and services that outside vendors cannot provide.  For example, Quinn Emanuel's in-house capabilities include numerous analytic tools available at no extra charge (*e.g.*, predictive coding, e-mail threading, near duplicate detection, and concept clustering) whereas outside vendors typically charge significant prices for such services.

*Trial resources*:  Given their unparalleled record in trying complex cases, Quinn Emanuel and Berger & Montague will offer the Class a head start if this case goes to trial.  We regularly work with jury consultants, and have a vast wealth of trial experience among our partners, many of whom are former prosecutors.  Berger & Montague has demonstrated time and again that it has the resources to take cases to trial and win.  The paralegals we plan to staff on this case have assisted with many trials and Berger & Montague has assigned its senior trial paralegal who has decades of experience.

## C.    Additional Ongoing Cases

### (i)    Other Class Actions Currently Litigating

A comprehensive list of class actions Proposed Lead Counsel's firms are currently litigating is contained in Appendix B.

### (ii)   Other Class Actions in Which Proposed Lead Counsel are Seeking Appointment as Class Counsel or Co-Counsel

The only class action in which either of Proposed Lead Counsel's firms is currently

seeking appointment as class counsel is *In re Solodyn Antitrust Litigation*, 14 MD 2503 (D.

Mass.).  Berger & Montague has moved for appointment as co-lead counsel; the applications

remain pending.  No team members who would staff this case are involved in the *Solodyn* matter.

**D.    Description of Current Clients**

Quinn Emanuel and Berger & Montague represent a group of five individual

commodities traders:  (1) Thomas Moran, (2) Patricia Benvenuto, (3) Thomas Galligher,

(4) Duane Lewis, and (5) Larry Dean Lewis.

**(i)    Value of Clients' Stake in the Litigation**

███████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████   █████████████████

███████████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████

**(ii)    Previous Class Actions in Which Any Client Was a Named Plaintiff**

Plaintiff Thomas Moran serves as named plaintiff in *Deangelis v. Corzine*, 11 Civ. 7866

(S.D.N.Y.), a class action brought under the CEA seeking to recover money that was unlawfully

taken from customer accounts by the commodities brokerage MF Global and related defendants.

Patricia Benvenuto serves as a named plaintiff in *In re Peregrine Financial Group Customer*

*Litigation*, 12 Civ. 5546 (N.D. Ill.), a case brought under the CEA seeking to recover money that

was unlawfully taken from customer accounts by the commodities brokerage Peregrine Financial

_____

█ █████████████████████████████████████████████████████

Group and related defendants.[21]  Thomas Galligher, Duane Lewis, and Larry Lewis have never previously served as a named plaintiff in a class action.

(iii)    **Summary of Fee Arrangement**



(iv)    **In-House Legal Department and its Role**

Because Proposed Lead Counsel do not have institutional clients, no in-louse legal department would be involved in the prosecution of these cases.

(v)    **Relationship Among Clients and Possible Conflicts**

The relationships among our clients known to Proposed Lead Counsel are:  (i) Larry Lewis and Duane Lewis are brothers, and (ii) Patricia Benvenuto and Thomas Galligher are spouses.  We perceive no current conflicts nor do we anticipate any future conflicts among our clients.  Our clients have spoken and understand their obligations as class representatives.[22]

**E.    Preliminary Litigation Budget**



---

[21]    Berger & Montague represents Mr. Moran in the *Deangelis* action and Ms. Benvenuto in the *In re Peregrine* matter.  Ms. Benvenuto appeared on a complaint in *In re North Sea Brent Crude Oil Futures Litig.*, 13 MD 2475 (S.D.N.Y.), multi-district litigation alleging violations of the CEA through manipulation of the benchmark price for Brent Crude Oil brought on behalf of derivatives traders, but was no longer a named plaintiff on the superseding complaint.

[22]    *See* Declaration of Thomas Galligher in Supp. of Application to Appoint Quinn Emanuel Urquhart & Sullivan, LLP and Berger & Montague, P.C. Interim Lead Class Counsel.



(i)   **Proposed Staffing**



(ii)     **Time and Amount of Expected Rate Increases**

(iii)    **Proposals to Limit Billable Expenses**

(iv)     **Anticipated Electronic Information Expenses**

19



(v)     **Anticipated Expenses for Consultants and Experts**

(vi)    **Anticipated Percentages Sought**

## CONCLUSION

For the foregoing reasons, we respectfully submit that Quinn Emanuel and Berger &

Montague should be appointed interim lead class counsel.

DATED:   New York, New York
          July 3, 2014

BERGER & MONTAGUE, P.C.                    QUINN EMANUEL URQUHART &
                                           SULLIVAN, LLP


By : _____            By: _____
     Merrill G. Davidoff                        Daniel L. Brockett
     Michael C. Dell'Angelo                     Steig D. Olson
     Zachary D. Caplan                          51 Madison Avenue, 22nd Floor
     1622 Locust Street                         New York, New York 10010
     Philadelphia, Pennsylvania 19103           Telephone:  (212) 849-7000
     Telephone:  (215) 875-3000                 Fax:  (212) 849-7100
     Fax:  (215) 875-4604                        danbrockett@quinnemanuel.com
     mdavidoff@bm.net                            steigolson@quinnemanuel.com
     mdellangelo@bm.net
     zcaplan@bm.net

**Appendix A (Illustrative Resolved Class Actions)**

| Case | Settlement Amount And Attorney's Fees | Average Recovery[27] | Percentage of Best Recovery Possible |
|---|---|---|---|
| *In re MF Global Holdings Ltd. Investment Litig.,* 11 Civ. 7866 (S.D.N.Y.) | (1) $553.5 million settlement with JP Morgan ($107.5 cash and $446 in release of liens and setoff rights), fees of $7.2 million (7% of cash settlement) (2) $14.5 million settlement with CME Group, fees of $2.2 million (15%)[28] | (1) $4167, and (2) $512.50 (~24,000 claims) | Plaintiff commodities customers represented by Berger & Montague will recover 100% of $1.6 billion improperly withheld by MF Global[29] |
| *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.,* 05 MD 5075 (E.D.N.Y.) | $7.25 billion ($5.7 billion after opt-outs) and changes to rules that could result in more than $26 billion in savings, fees of $544.8 million (9.6%) | $625 (~12 million claims) | Difficult to calculate; less than one-tenth of 1% objected |
| *In re Currency Conversion Fee Antitrust Litig.,* MDL No. 1409 (S.D.N.Y.) | $385.5 million, fees of approximately $60 million (15.6%) | $29 (~10 million claims) | Difficult to calculate; estimated value of fees during class period ~$1.1 billion[30] |
| *Marchbanks Truck Service, Inc. v. Comdata Network, Inc.,* 07 Civ. 1078 (E.D. Pa.) | $130 million plus injunctive relief valued between $260 and $491 million. Fees of $43.3 million (33% of cash, 7% of total) | ~$271,400 (including value of injunctive relief) (2,288 claims) | Settlement value is near or greater than total estimated overcharges incurred by class[31] |
| *Brown v. Kinross Gold U.S.A., Inc.,* 02 Civ. 605 (D. Nev.) | $35.8 million.  Fees of $9.3 million (26%) | $49.16/share of $50.00 par value *after all fees and expenses*, *plus* accrued dividends of $30.00/share | Exceeded 100% of value paid by defendants in challenged transaction and 98% of the par value of the security at issue |
| *In re High Fructose Corn Syrup Antitrust Litig.,* MDL No. 1087 (C.D. Ill.) | $531 million.  Fees of $132.75 million (25%) | $796,500 (~500 claims) | Difficult to calculate; estimated value of overcharges during class period was $1.4 billion |

---

[27]   Average recovery for each claim.  Calculated by dividing the total recovery by the approximate total number of claims.

[28]   Additionally, there was a net equity settlement for advancement of estate funds necessary to pay the balance of plaintiffs' $1.6 billion segregated funds shortfall.  There were no attorneys' fees on this advancement.

[29]   Counsel also secured the release of $233 million from the MF Global bankruptcy trustee.

[30]   The class's reaction was "extraordinarily positive."  *In re Currency Conversion*, 263 F.R.D. at 123, 133.

[31]   An unopposed motion for settlement has been filed in this matter.

**Appendix B (All Ongoing Class Actions in Which Quinn Emanuel or Berger & Montague are Involved)** [32]

Berger & Montague Cases:

| | Case | Status | Team |
|---|---|---|---|
| 1 | *In re MF Global Holding Ltd. Investment Litig.*, 12 MD 2338 (S.D.N.Y.) & *Deangelis v. Corzine*, No. 11 Civ. 7866 (S.D.N.Y.) | Settlements reached with JP Morgan and CME Group; case continues against MF Global executives; currently in discovery | MGD MDA |
| 2 | *In re Peregrine Fin. Group Customer Litig.*, 12 Civ. 5546 (N.D. Ill) | Motion for preliminary approval of settlement with one defendant forthcoming; discovery ongoing with respect to remaining defendant | MGD MDA |
| 3 | *In re Currency Conversion Fee Antitrust Litig.*, MDL 1409 (S.D.N.Y.); *Ross v. American Express Co.*, 04 Civ. 5723 (S.D.N.Y.); *Ross v. Bank of America, N.A. (USA)*, 05 Civ. 7116 (S.D.N.Y.) | $385.5 million settlement approved | MGD ZDC |
| 4 | *Castro et al. v. Sanofi Pasteur Inc.*, 11 Civ. 7178 (D.N.J.) | Currently briefing class certification | ZDC |
| 5 | *In re Chocolate Confectionary Antitrust Litig.*, 08 MD 1935 (M.D. Pa.) | Summary judgment ruling on appeal | |
| 6 | *In re Domestic Drywall Antitrust Litig.*, 13 MD 2437 (E.D. Pa.) | Discovery ongoing | MDA |
| 7 | *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 05 MD 5075 (E.D.N.Y.) | Settlement of $7.25 billion approved December 2013; appeal pending | MGD |
| 8 | *In re Photochromic Lens Antitrust Litig.*, 10 MD 2173 (M.D. Fla.) | Summary judgment motions anticipated | |
| 9 | *In re Androgel Antitrust Litig. (II)*, 09 MD 2084 (N.D. Ga.) | Discovery ongoing | |
| 10 | *In re K-Dur Antitrust Litig.*, 01 Civ. 1652 (D.N.J.) | Dismissal recently reversed; case on remand | |
| 11 | *In re Lipitor Antitrust Litig.*, 12 Civ. 2389 (D.N.J.) | Motion to dismiss pending | |
| 12 | *In re Loestrin 24 Fe Antitrust Litig.*, 13 MD 2472 (D.R.I.) | Motion to dismiss pending | ZDC |
| 13 | *In re Nexium Antitrust Litig.*, 12 MD 2409 (D. Mass.) | Trial scheduled for fall | |
| 14 | *In re Niaspan Antitrust Litig.*, 13 MD 2460 (E.D. Pa.) | Motion to dismiss pending | |
| 15 | *In re Wellbutrin XL Antitrust Litig.*, 08 Civ. 2431 (E.D. Pa.) | $37.5 million settlement with one defendant approved Nov. 2012; discovery proceeding | |
| 16 | *Grabianski v. Bally Total Fitness Holding Corp.*, 12 Civ. 284 (N.D. Ill.) | Currently briefing class certification | |
| 17 | *Humphreys v. Budget Rent a Car System, Inc.*, 10 Civ. 1302 (E.D. Pa.) | Discovery ongoing | |
| 18 | *Janbay v. Canadian Solar, Inc.*, 10 Civ. 4430 (S.D.N.Y.) | Appeal of dismissal currently pending | |
| 19 | *Coleman v. Commonwealth Land Title Ins. Co.*, 09 Civ. 679 (E.D. Pa.) | Currently briefing class certification | |

---

[32]   The initials in the "Team" column correspond to those individuals identified by name as members of the proposed team for this matter. An empty cell indicates that no members of the team litigating this case overlap with the case identified in the row.

| | Case | Status | Team |
|---|---|---|---|
| 20 | *Dodona I, LLC v. Goldman, Sachs & Co., et al.*, 10 Civ. 7497 (S.D.N.Y.) | Class certified; summary judgment upcoming | MGD |
| 21 | *Levine v. First Am. Title Ins. Co.*, 09 Civ. 842 (E.D. Pa.) | Discovery ongoing | |
| 22 | *Haskins v. First Am. Title Ins. Co.*, 10 Civ. 5044 (D.N.J.) | Discovery ongoing | |
| 23 | *Schwartz v. Lawyers Title Ins. Co.*, 09 Civ. 841 (E.D. Pa.) | Discovery ongoing | |
| 24 | *Schwartzberg v. Rexford Indus. Fund III, LLC*, BC523372 (Cal. Super. Ct.) | Discovery ongoing | |
| 25 | *Cook v. Rockwell International Corp.*, 90 Civ. 181 (D. Colo.) | Post-trial appeals pending | MGD |
| 26 | *Vanselous v. Saxon Mortgage Servs., Inc.*, 11 Civ. 2464 (M.D. Fla.); *Cave v. Saxon Mortgage Servs., Inc.*, 11 Civ. 4586 (E.D. Pa.); *Ellmann v. Saxon Mortgage Servs., Inc.*, 13 Civ. 10817 (E.D. Mich.) | Discovery ongoing | |
| 27 | *Sobel v. The Hertz Corp.*, 06 Civ. 545 (D. Nev.) | Summary judgment motion anticipated | |
| 28 | *In re Certainteed Fiber Cement Siding Litig.*, 11 MD 2270 (E.D. Pa.) | Appeal of $103.9 million settlement pending | |
| 29 | *George v. Uponor Corp.*, 12 Civ. 249 (D. Minn) | Discovery and motion to dismiss ongoing | |
| 30 | *Arnett v. Bank of America, N.A.*, 11 Civ. 1372 (D. Or.) | $31 million settlement preliminarily approved | |
| 31 | *Cook v. RBS Citizens, N.A.*, 11 Civ. 268 (D.R.I.) | $1.5 million settlement preliminarily approved | |
| 32 | *Simpkins v. Wells Fargo Bank, N.A.*, 12 Civ. 768 (S.D. Ill.) | Class certification motion pending | |
| 33 | *Casey v. Citibank, N.A.*, 12 Civ. 820 (N.D.N.Y.) | $2.6 million settlement preliminarily approved | |

Quinn Emanuel Cases:

| | Case | Status | Team |
|---|---|---|---|
| 1 | *In re Polyurethane Foam Antitrust Litig.*, 10 MD 2196 (N.D. Oh.) | Trial scheduled for October | |
| 2 | *Four In One Co., Inc. v. SK Foods, L.P.*, 08 Civ. 3017 (E.D. Cal.) | Settlement final approval pending | SDO |
| 3 | *In re Processed Egg Products Antitrust Litig.*, 08 MD 2002 (E.D. Pa.) | Settlements reached with certain defendants; class certification ongoing | SDO |
| 4 | *In re Credit Default Swaps Antitrust Litig.*, 13 MD 2476 (S.D.N.Y.) | Motion to dismiss currently pending | DLB, SDO, JTR, NLR |
| 5 | *Stinson v. City of New York*, 10 Civ. 4228 (S.D.N.Y.) | Discovery ongoing | SDO |

Cases Involving Both Firms:

| | Case | Status | Team |
|---|---|---|---|
| 1 | *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 07 MD 489 (D.D.C.) | Class certification proceedings ongoing | DLB SDO |
| 2 | *Marchbanks Truck Service, Inc. v. Comdata Network, Inc.*, 07 Civ. 1078 (E.D. Pa) | Settlement awaiting final approval | |



## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2014, I caused a redacted version of the foregoing document to be served via electronic mail on all parties registered for CM/ECF in the above-captioned matters, and an unredacted version to be filed under seal with the Court and served on all other Plaintiffs' counsel.

Daniel L. Brockett